United States District Court
District of Massachusetts

|  |  |
|---|---|
| United States of America, | ) |
|  | ) |
| v. | ) Criminal Action No. |
|  | ) 18-10449-NMG |
| Michael Peters, | ) |
|  | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

GORTON, J.

Pending before the Court is a request by defendant Michael Peters ("defendant") to terminate his supervised release. The request is opposed by the government.

This case arises from a charge against defendant of being a felon possession of a firearm under 18 U.S.C. § 922(g)(1) to which he pled guilty. Defendant was sentenced to 75 months in prison and 3 years of supervised release which began in January, 2023.

Defendant contends that, since his release, he has been gainfully employed, engaged in addiction recovery programming, and otherwise complied with all applicable conditions. He also asserts that, while on release, he suffered a heart attack which required medical intervention and a 10-day hospital stay. Now,

defendant requests early termination of his supervised release. Both the government and the Probation Office oppose termination.

Under to 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

18 U.S.C. § 3583(e)(1); see United States v. Green, No. 1:19-CR-10025-IT, 2021 WL 1378350, at *1 (D. Mass. Apr. 12, 2021).

Defendant contends his compliance with his conditions of release warrants early termination but that clearly is not the law. See United States v. Carpenter, No. CR 04-10029-GAO, 2019 WL 722631, at *7 n.3 (D. Mass. Feb. 20, 2019) ("That the defendant has not violated the terms of his supervision does not itself warrant early termination."). Rather, compliance with conditions of release is "merely doing what [d]efendant himself agreed to do and what the law requires he does." United States v. Lafrance, No. 16-10090-IT, 2016 WL 3882845, at *3 (D. Mass. July 13, 2016).

Defendant also cites his consistent work habits and efforts towards addiction recovery. This behavior, though laudable, is also insufficient to merit early termination. See Green, 2021 WL

1378350, at *2 (denying early termination even though defendant had "made significant progress while on supervised release" and was "fully compliant with all conditions of release").

Defendant proffers his recent heart attack as grounds for such termination but presents no reason why this medical issue supports termination. Accord United States v. Dudash, No. CRIM. 05-00101, 2012 WL 874878, at *5 (W.D. Pa. Mar. 14, 2012) (denying early termination based on defendant's "quite serious" medical condition because illness that does not impact specific conditions "is not a sufficient basis for early termination of supervised release"). Instead, defendant's criminal history, including the fact that his current crime was committed while on supervised release from a previous crime, merits continuing to enforce the conditions of release.

The motion for early termination of conditions of release is therefore **DENIED** without prejudice.

**So ordered.**

                                                  /s/ Nathaniel M. Gorton
                                                  Nathaniel M. Gorton
                                                  United States District Judge

Dated: October 17, 2024